■ In the Matter of the Claim of JOSE R. GONZALES, Respondent, v. P. K. FOODS, INC., et al., Appellants, and KAYPE FOODS, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. This is an appeal by the employer, P. K. Foods, Inc., and its insurance carrier from a board decision which awarded the claimant compensation benefits chargeable 50% against the appellant employer and 50% against the respondent employer. The board found that P. K. Foods, Inc., was the general employer. On November 7, 1960, Katherine Maskos was the president of the appellant

employer P. K. Foods, Inc., which owned and operated a restaurant on Lexington Avenue, and also the president of Kaype Foods, Inc., which owned and operated a restaurant on West Eighth Street. On that day, while working as a dishwasher in the Eighth Street establishment, the claimant sustained an accident and resulting injuries. Kaype Foods, Inc., the owner and operator of the Eighth Street restaurant, did not carry workmen's compensation insurance. In his claim for compensation the claimant stated that his employer was P. K. Foods, Inc., the operator of the restaurant at 373 Lexington Avenue. However, he testified that prior to the accident he had worked exclusively at the restaurant of Kaype Foods, Inc., on Eighth Street. Katherine Maskos testified that the claimant was hired by the manager of P. K. Foods, Inc., and that, although he was "sent * * * at times to work at the 8th Street restaurant, his steady employment was by Kaype Foods, Inc., by whom he had been hired". On cross-examination some inconsistencies and discrepancies were developed in the testimony of this witness. A waiter employed by the West Eighth Street restaurant for approximately six years testified that he had observed the claimant working at the Eighth Street restaurant five days a week for several months prior to the accident of November 7, 1960. On the other hand a chef at the Eighth Street restaurant testified that he had been sent many times to work at the Lexington Avenue restaurant, that when he went there he saw the claimant, that the Lexington Avenue restaurant was the claimant's "regular working place, except that occasionally he came down to 48 West 8th Street". Also, a waiter who had been employed at the Lexington Avenue restaurant prior to the accident testified that the claimant worked there daily as a dishwasher. There was thus a sharp conflict of evidence for the board's determination. The appellant asserts that "The finding below that Claimant was an employee of P. K. Foods, Inc. at the time of the injury, is not supported by substantial evidence." "The question is not whether there is substantial evidence differing from the finding of the board; but rather whether there is substantial evidence supporting it." (*Matter of Lawler* v. *Ritz Carlton Hotel,* 14 A D 2d 972.) "Questions of credibility are, of course, within the province of the board." (*Matter of Potapchuk* v. *Kalda Constr. Co.,* 21 A D 2d 943.) As we find the board's conclusion was supported by substantial evidence we are required to accept it as final and conclusive (Workmen's Compensation Law, § 20). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.