■ In the Matter of NICHOLAS D. DEMISAY, Doing Business as CLOVE LAKES NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Director of the Office of Health Systems Management, New York State Department of Health, which recalculated petitioner's Medicaid reimbursement rates. In May of 1966, petitioner, Nicholas Demisay, and one Dr. Panzer entered into a partnership agreement to operate a nursing home. The agreement, *inter alia,* made provisions for the sale of a partnership interest in the event that one of the partners wanted to sell his interest. On February 1, 1967, the partners leased, individually and not as partners, the Clove Lakes Nursing

Home for a period of 25 years. The annual rental for the first 16 years of the lease was set at $226,000 per annum. In 1969, petitioner bought out all of Panzer's interest in the facility and financed the transaction by borrowing approximately $200,000 from a bank to be repaid in three years. For the years 1969-1973, petitioner reported Clove Lakes' allowable costs each year to the Department of Health. After a "desk audit", the Department of Health used these costs to compute the facility's Medicaid reimbursement for each following year. The leasehold was listed as an asset and it was amortized. The desk audits for the years 1969-1973 treated as allowable costs the amounts taken as amortization of the leasehold for each year, the interest on the debt to the bank incurred to pay Panzer, the amount paid for a legal fee in connection with the Panzer transaction, life insurance required by the bank to protect its interest, and the fee for recording the mortgage. In 1974, the department commenced a field audit of the facility's expenses for the period 1969-1973 and disallowed certain items. A hearing was thereafter held and the Director of the Office of Health Systems Management issued a determination. On April 24, 1981, the instant proceeding was commenced challenging the authority of the Department of Health to disallow any of the expenses reported for the years 1969-1973 and alternatively challenging parts of the director's determination on substantial evidence and legal grounds. Initially, petitioner contends that during the years in question the department's regulations prohibited retroactive changes in certified rates such as those provided to Clove Lakes after review of each year's "desk audit". Petitioner further argues that any right to bring a court action to challenge the rates was waived on the understanding that petitioner would settle for the certified rate for the following year. Therefore, he argues, the department should be equitably estopped from retroactively changing the rates. We disagree. This court, in a similar case, rejected the contention that the department's regulations prohibited retroactive adjustment of Medicaid reimbursement rates (*Matter of University of Rochester Strong Mem. Hosp. v Whalen,* 61 AD2d 867). Nor is the doctrine of equitable estoppel applicable under the circumstances presented herein. The second issue raised by petitioner is that the department improperly disallowed the partnership buy-out expenses which were listed under "Leasehold". Again, we disagree. The department concluded that the buy-out was not reimbursable under subdivision 3 of section 2807 of the Public Health Law as reasonably related to the efficient production of health-related services. It was determined that the purchase of Dr. Panzer's interest by petitioner was not an arm's length transaction as it was an agreement between two partners who had been related "business-wise" as partners for more than three years and thus the costs generated must be considered internally generated. We should not disturb the determination if there is a reasonable basis in law and a reasonable factual basis in the record to support it (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). An examination of the record compels us to conclude that there is a reasonable basis for the determination. The third issue pertains to an arrangement plaintiff had for the supply of linen to the facility. The supplier loaned Clove Lakes $18,000 pursuant to a contract, which sum was to be reduced by the amount of linen used during a portion of the contract. Petitioner repaid $4,240 and the balance represented a discount of $13,760. The discount was earned in 1968 and 1969 but not listed until 1972 as sundry income. Petitioner contends that one half of the discount should reduce linen expenses for 1968 and one half for 1969. The field audit did not cover the year 1968 and the department concluded that since the discount was not listed until 1972 it would not be appropriate to attribute part of the net income against 1968 expenses which were never audited and were allowed in full. In our view,

it was reasonable for the director to apply the entire discount for the year 1969, allowing the State to recoup the entire overpayment. We have considered all other expenses which petitioner contends were improperly disallowed, including those for an apartment for the nursing director, emergency psychiatric treatment and unpaid loans to Medicaid patients and reject petitioner's arguments regarding these expenses. The determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.