■ TIOGA NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Appellants, et al., Defendant. — Appeal from an order and judgment of the Supreme Court at Special Term (Bryant, J.), entered February 13, 1981 in Tioga County, which, *inter alia,* granted plaintiff's motion for partial summary judgment. Plaintiff is a corporation organized under the Not-For-Profit Corporation Law and article 28-A of the Public Health Law to operate a not-for-profit nursing home. Among the patients cared for by plaintiff are persons eligible to receive public assistance pursuant to subchapter 19 of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*) and the New York State Plan for Medical Assistance (Medicaid) (Social Services Law, §§ 363-369). Plaintiff is reimbursed for services rendered to eligible patients according to rates periodically established by the New York State Department of Health and approved by the Director of the Budget pursuant to section 2807 of the Public Health Law. These rates are generally established prospectively by obtaining actual costs incurred by a facility for the period starting two years before the year for which rates are to be set and adjusting such costs for inflation. However, where a facility has not been in operation long enough to have a sufficient cost experience, its reimbursement rates are calculated on an alternate basis provided for in such cases (10 NYCRR 86.19, now 86-1.19). For 1974, the year in question, defendant New York State Commissioner of Health (commissioner) determined that plaintiff did not have adequate cost experience upon which to base its rates. Accordingly, plaintiff's reimbursement rates were calculated pursuant to 10 NYCRR 86.19. Specifically, defendants obtained plaintiff's projected budgeted expenditures for 1973 and multiplied these figures by an inflation, or "trend" factor, to arrive at plaintiff's 1974 reimbursement rates. Plaintiff was thereafter reimbursed at those rates for 1974. In 1976, plaintiff was informed that its 1974 reimbursement rates were to be revised downward based upon an audit of its 1972 expenses. And, by letter dated August 27, 1979, plaintiff was advised that the revision of its 1974 rates

was final and that the appropriate local social services departments were about to "institute recovery action of Medicaid overpayments" for 1974. Subsequently, the commissioner caused 1979 Medicaid payments to plaintiff to be withheld in order to recover the alleged overpayments made in 1974. Plaintiff then commenced the instant action alleging, *inter alia,* as a first cause of action that the commissioner had no authority to retroactively readjust plaintiff's rates. Plaintiff's motion for a preliminary injunction was granted and defendants were ordered to stop withholding current payments to plaintiff to recoup alleged overpayments in 1974 and to repay any amounts previously withheld. The commissioner thereafter rescinded the 1974 revisions and repaid to plaintiff the amounts previously withheld. However, in February, 1980, the commissioner again retroactively revised plaintiff's 1974 rates. Among the adjustments made to plaintiff's 1974 rates in that revision was one made to reflect the difference between plaintiff's estimated cost of obtaining mortgage financing from the New York State Housing Finance Agency (agency) and the subsequently determined actual cost of that financing. Plaintiff thereafter moved for summary judgment on its first cause of action. This motion was granted and this appeal ensued. On appeal, the sole issue raised by defendants is whether the retroactive adjustment made to reflect the actual cost of plaintiff's mortgage with the agency was proper. We agree with Special Term that this case does not fall within the parameters of the exceptions defined in *Hurlbut v Whalen* (58 AD2d 311, mot for lv to app den 43 NY2d 643) which allow retroactive readjustment of Medicaid rates. However, we hold that regardless of whether this case falls within the exceptions set forth in *Hurlbut v Whalen* (*supra*), defendants may retroactively readjust plaintiff's reimbursement rates based upon the circumstances of this case. Plaintiff is a not-for-profit nursing home organized pursuant to article 28-A of the Public Health Law. That article was enacted to encourage construction of low-cost nursing homes (Public Health Law, § 2851), primarily by extending to article 28-A nursing homes the ability to obtain low-interest mortgage loans from the agency (Public Health Law, § 2852, subd 4; § 2858). To insure that the home remains operational, subdivision 1 of section 2860 of the Public Health Law authorizes the commissioner to vary rates charged by such homes "to secure, together with all other income of the company, sufficient income to meet, within reasonable limits, all necessary payments by the said company of all expenses, including fixed charges, sinking funds and reserves". The commissioner interpreted this statute as allowing him to establish rates which will just cover the actual expense of the mortgage, and precluding payment above the actual amount. Accordingly, 10 NYCRR 86.23 (e) (now 86-1.23 [e]), which made allowances for such mortgages in the reimbursement rates, was promulgated. This regulation provides that facilities with such mortgages were to be allowed "level debt service on the mortgage loan, together with such required fixed charges, sinking funds and reserves as may be determined by the commissioner as necessary to assure repayment of the mortgage indebtedness". This being the case, defendants argue that plaintiff could only be reimbursed for actual costs incurred to repay the agency mortgage. Since defendants' interpretation is not irrational or unreasonable, it should be upheld (*Matter of Lumpkin v Department of Social Servs. of State of N. Y.,* 45 NY2d 351, app dsmd 439 US 1040). Thus, upon determining that plaintiff's actual mortgage cost was less than projected, the commissioner was authorized to retroactively readjust plaintiff's rates to reflect this difference without regard to whether the readjustment is within the exceptions enunciated in *Hurlbut v Whalen* (*supra*). In so holding we note that it was the express purpose of the Legislature, in enacting article 28-A of the Public Health Law,

to provide low-cost nursing home care (Public Health Law, § 2851). One of the primary ways in which this was to be accomplished was to provide nursing homes with financing by a State agency at interest rates lower than those available in the private sector (see Governor's Memorandum, NY Legis Ann, 1966, p 356). Accordingly, the purpose of the statute is to finance such facilities at low rates so that they may, in turn, provide low-cost care. Allowing plaintiff to be reimbursed for its mortgage payments at the estimated rate, above the rate actually required, would, therefore, defeat the purpose of article 28-A. Order and judgment modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment with respect to that part of plaintiff's Medicaid reimbursement rate covering the cost of plaintiff's New York State Housing Finance Agency mortgage, and it is declared that defendants may retroactively readjust plaintiff's reimbursement rate in relation thereto, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.