◼ In the Matter of GLENGARIFF CORPORATION, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the

---

Supreme Court at Special Term, entered in Albany County) to review a determination of the Director of the Office of Health Systems Management, New York State Department of Health, which denied petitioner's request to revise its Medicaid reimbursement rate for 1979 and petitioner's calculation of property cost reimbursement for 1978 and all subsequent years. In this proceeding, petitioner seeks to annul respondent's determination which denied petitioner's request for revision of its Medicaid reimbursement rate for 1979 to reflect added costs due to a new uniform accounting procedure for nursing homes mandated by respondent, and denied petitioner's request that the capital or property cost component of its reimbursement rate for 1978 and thereafter be revised to reflect as equity the amount paid by petitioner for the nursing home business. Our view is limited to ascertaining whether there is a reasonable basis in law and a reasonable factual basis in the record to support respondent's determination (*Matter of Demisay v Axelrod,* 87 AD2d 667, mot for lv to app den 57 NY2d 602). The findings of the administrative law judge, adopted by respondent,[*] concluded that the new accounting procedure resulted in extra costs to petitioner for another assistant bookkeeper to handle the additional work, but that based upon a State-wide departmental survey of nursing homes, the added costs attributable to the new system were insignificant. Petitioner contends that it is entitled to have its rate revised to provide reimbursement for the added costs, irrespective of whether the increase in costs is significant or insignificant. We disagree, for petitioner is entitled only to a reimbursement rate which is reasonably related to the costs of the efficient production of services (Public Health Law, § 2807, subd 3), and respondent's construction of this statutory standard as not requiring rate revisions for insignificant increases in actual costs is not irrational. Pursuant to regulation (10 NYCRR 86-2.14 [a] [3]), petitioner was entitled to a rate revision upon a showing that its increase in costs was significant and resulted from implementation of additional programs, staff or services mandated by respondent. Here, respondent found that the new accounting and reporting system mandated by him resulted in some extra costs to petitioner for another assistant bookkeeper, and the majority of the duties of the new employee, listed in the job description, appear to be related to the new accounting and reporting procedure. Petitioner's cost for the new bookkeeper, $8,184, exceeds the general standard of one quarter of 1% of the facility's total operating costs, and in this case about $2,500,000, used by the department in determining what is significant. Despite these facts, respondent found that the costs of the additional bookkeeper actually attributable to the new accounting procedure were insignificant. As noted above, this finding was based upon the results of a departmental survey of other nursing homes, but the survey itself was not introduced at the hearing, despite petitioner's request that it be produced and the departmental representative's assurance that he would use his best efforts to do so. Nor was any excuse offered as to why the survey could not be produced, and the department official who testified at the hearing simply stated the conclusion drawn from the survey by other department officials without explaining how the survey was conducted or how the conclusion was reached. As a result, petitioner was deprived of any opportunity to challenge the basis or conclusions of the survey, or to introduce evidence showing that its facility differed from those in the survey. Respondent's finding, therefore, that the

---

[*] The final determination states that the law judge's recommendations are adopted, without specifically stating that the findings of fact are also adopted, but since specific factual findings must accompany an administrator's decision in an adjudicatory proceeding (State Administrative Procedure Act, § 307, subd 1; *Matter of Simpson v Wolansky,* 38 NY2d 391, 396), we conclude that respondent also adopted the law judge's findings of fact.

costs of the additional bookkeeper attributable to the new accounting and reporting system were insignificant lacks a reasonable factual basis in the record. Concerning petitioner's claim that respondent erred in calculating the equity factor in its reimbursement rate, equity is defined by regulation as "all cash or other assets, net of liabilities, invested by a facility or its operator in land, building and nonmovable equipment, and found by the commissioner to be reasonable, necessary and in the public interest with respect to the facility" (10 NYCRR 86-2.21 [a] [4]). The record conclusively establishes that the amount which petitioner seeks to include as equity was used to purchase the existing business, rather than land, buildings or equipment. Accordingly, there are ample legal and factual grounds for respondent's denial of petitioner's request, notwithstanding petitioner's argument that it was required to purchase the old business in order to obtain approval to build a new facility. Petition granted, without costs, to the extent that respondent's determination is modified by annulling so much thereof as denied petitioner's request for a rate revision based upon the added costs of a new bookkeeper, and, as so modified, determination confirmed, and matter remitted to respondent for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.