■ In the Matter of DOROTHY TEAHAN, Petitioner, v CHARLES W. BATES et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Acting Commissioner of the Westchester County Department of Social Services, dated February 2, 1982 and made after a

hearing, which discharged petitioner from employment as a senior group counselor. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner was charged with 107 acts of misconduct. Following a hearing, the hearing officer found petitioner guilty of 24 of the enumerated specifications and recommended that she be dismissed from· her position. The Acting Commissioner of the Westchester County Department of Social Services adopted the findings of the hearing officer and dismissed petitioner from her position. Petitioner does not deny that she committed the acts of which she was found guilty, but rather argues that, based upon her version of the facts, such acts do not constitute misconduct. At issue here is a determination of credibility which this court, upon review, should not disturb (see *Matter of Collins v Codd,* 38 NY2d 269). It was respondents' function to weigh the testimony. The findings of the hearing officer should be accorded great weight because he was able to observe the demeanor and conduct of the witnesses at the hearing (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 394). In the matter before us, the hearing officer credited the testimony of the adverse witnesses. Accepting their version of the facts, there was substantial evidence to support the determination (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Moreover, in view of petitioner's demonstrated misconduct, the penalty of dismissal is not so disproportionate to her offenses as to shock the conscience of this court (see, e.g., *Matter of Gailband v Christian,* 56 NY2d 890; *Matter of Purdy v Kreisberg,* 47 NY2d 354, 360). We have considered petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.