■ In the Matter of BETHANY NURSING HOME AND HEALTH RELATED FACILITY, INC., Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme

Court at Special Term (Cholakis, J.), entered September 15, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to recalculate petitioner's 1981 Medicaid reimbursement rates.

Petitioner is a not-for-profit corporation formed pursuant to article 28 of the Public Health Law to operate a nursing home and health-related facility in the Town of Horseheads, Chemung County, in fully equipped premises leased from a propriety partnership named Rider Associates. The rate at which petitioner receives payment for Medicaid patients is determined by respondent Commissioner of Health pursuant to section 2807 of the Public Health Law. Prior to commencement of operations on June 8, 1981, petitioner submitted to the commissioner its estimated budget of operating costs for the period of May 1, 1981 to April 30, 1982, requesting that the commissioner establish a reimbursement rate for the period June 8, 1981 to December 31, 1981. Guidelines for determination of the rates are provided and found in 10 NYCRR subpart 86-2 which include, *inter alia,* a factored expense item to provide for a return upon the amount of equity invested in the facility.* This expense allowance is computed by subtracting from the historical cost (total cost of land, improvements and nonmoveable equipment), the amount of liabilities pertaining to the facility which necessarily includes mortgage financing (10 NYCRR 86-2.21 [a] [4]). The commissioner, initially and after administrative appeals, refused to include any amount for return on equity reimbursement for the period June 8, 1981 to December 31, 1981 on the ground that the data furnished by petitioner did not contain a finalized statement of the historical cost of the facility and of the mortgage financing. Petitioner has appealed from Special Term's dismissal of its CPLR article 78 proceeding seeking review of the determination and the judgment declaring that it is entitled to a return on equity of 13.67% per annum for the aforesaid 1981 operating period.

The problem, simply stated, appears to be the result of lack of communication and failure by petitioner to submit proper documented data required by the regulations in order to enable the commissioner to make an appropriate determination of the actual invested equity and compute the annual rate to be included in the reimbursement rate. Special Term held, and the

---

* Since the premises were owned by and leased from a proprietary partnership, petitioner was eligible for reimbursement for services to Medicaid patients under the same regulations which provide reimbursement to proprietary facilities (10 NYCRR 86-2.19 [e]), even though petitioner was a not-for-profit organization.

record confirms, that petitioner did not provide complete or final information with respect to costs and mortgage sufficient to enable the commissioner to make the necessary calculations and determination. The record shows that the initial figures were projected as costs of $2,691,600 and a mortgage of $2,121,600. In this proceeding, petitioner asserts a cost figure of $2,542,306 and mortgage of $2,011,600. The final mortgage closing was held in February, 1982, yet the record does not include documentation of the amount of that mortgage, nor is there any indication that petitioner ever notified the commissioner of that closing or the amount of the mortgage or certified the costs and financing as required (10 NYCRR 86-2.2 [a], [e]; 86-2.5 [a]; 86-2.6 [a]). On this record, it cannot be said that the commissioner acted irrationally, erroneously or in an arbitrary and capricious manner, or that Special Term erred in upholding that determination. The courts will not disturb such determination in the absence of weighty reasons (see *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Cortlandt Nursing Care Center v Whalen,* 46 NY2d 979, 980; *Matter of Sigety v Ingraham,* 29 NY2d 110, 114).

Petitioner unpersuasively argues that the commissioner should be compelled to do what he "could have done", i.e., make computation and fix a reimbursement rate regardless of whether "he overpaid or underpaid", because of his power to "audit and recoup any overpayments". Petitioner relies heavily upon *Tioga Nursing Home v Axelrod* (90 AD2d 570, affd 60 NY2d 717) to support this argument. We disagree. Reimbursement rates are required to be reasonably related to actual costs (Public Health Law, § 2807, subd 3; *Matter of Sigety v Axelrod,* 91 AD2d 1091, 1092). Petitioner has failed to offer any valid reason for its failure to have certified the actual mortgage amount to enable the commissioner to authentically calculate the equity in the facility. This court is limited in its consideration to whether there is a reasonable basis in law and a reasonable factual basis in the record to support the commissioner's determination (*Matter of Glengariff Corp. v Axelrod,* 93 AD2d 900, 901). On this record, we find no basis to disturb the determination.

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.