■ TERESA CONRAD, Respondent, v WALTER CONRAD, Appellant. — In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce in 1978, defendant husband appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 28, 1983, which denied his motion for reargument of plaintiff's motion for an order directing defendant to execute a deed pursuant to a stipulation incorporated into the judgment of divorce, which was granted by an amended order of the same court dated August 25, 1983.

Appeal dismissed, with costs.

By an amended order dated August 25, 1983, Special Term granted plaintiff's motion to direct defendant to execute a deed transferring all of his right, title and interest in the marital premises to plaintiff upon a payment by plaintiff to defendant of $15,000. This direction was pursuant to a stipulation made in open court which was incorporated into the parties' judgment of divorce. Defendant had opposed the motion based on the theory that under the time limits provided by the stipulation, plaintiff's offer was untimely.

Defendant then moved for reargument. The basis for the motion was that the court misconstrued the stipulation, which he claimed to be ambiguous, and that under the facts presented, the court could not, under the law, construe plaintiff's offer as being timely made. Special Term denied defendant's motion for reargument and defendant appeals from that order.

It is well settled that denials of motions for reargument are not appealable (*F & G Heating Co. v Board of Educ.,* 103 AD2d 791; *Smith v Smith,* 97 AD2d 932; *Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832; *Foley v Roche,* 68 AD2d 558).

Despite defendant's attempt in his brief to label his motion as one for renewal, he was correct when he originally labeled it as one for reargument (*Roy v National Grange Mut. Ins. Co., supra; Sunbeam Corp. v Morris Distrib. Co.,* 55 AD2d 722). The appeal must therefore be dismissed. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.