In the Matter of CARL WESS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 25, 1985

**APPEARANCES OF COUNSEL**

*Robert H. Straus* for petitioner.

*Carl Wess,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this court on March 30, 1949, under the name of Carl K. Wess. By order of this court dated July 5, 1983, the respondent was suspended from the practice of law for a period of one year and until the further order of this court. The suspension ultimately became effective on September 23, 1983. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Special Referee and respondent submits an answer in opposition to said motion.

The Special Referee sustained charges of misconduct that respondent neglected a legal matter entrusted to him, failed to respond to the legitimate inquiries of his client, attempted to conceal his neglect by deceit and misrepresentation, and obstructed the efforts of his client to substitute other counsel in place of respondent.

The record reveals that respondent was retained in December 1971, to commence a personal injury action on behalf of the client's infant son. In 1981 the client retained new counsel who obtained a court order, dated April 6, 1982, directing respondent to relinquish the file. Respondent admitted that the file was not delivered until October 1982. Respondent further admitted that he never instituted an action and never filed a claim with the insurance carrier.

Respondent argues in explanation that he was waiting for the client's son to reach puberty before certain tests could be performed. The Special Referee found this explanation to be without merit.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. Respondent is guilty of the misconduct described above. Petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline we have taken into consideration all of the mitigating circumstances advanced by respondent, including the fact that during this period of time he was experiencing personal problems, among which were family illness, the death of his parents, lack of a secretary and the moving of his law office. We are also cognizant of the fact that in 1976 respondent was admonished by letter for his neglect of two other personal injury matters and further, that a formal disciplinary proceeding was brought against him in 1979, *inter alia,* for neglect of seven additional matters. The prior disciplinary proceeding culminated in the one-year suspension referred to above. The instant additional offense was committed contemporaneously with the prior offenses and, under all the circumstances, warrants the extension of respondent's suspension from the practice of law for an additional two years. Accordingly, respondent should be and hereby is suspended from the practice of law for a period of two years, nunc pro tunc as of September 23, 1984 and until the further order of this court.

LAZER, J. P., GIBBONS, BRACKEN, O'CONNOR and NIEHOFF, JJ., concur.