■ In the Matter of DAVID TUOHEY, Petitioner, v HAROLD MALKMES, as Superintendent of Highways of the Town of Brookhaven, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of Highways of the Town of Brookhaven, dated April 21, 1983, which, after a hearing, found petitioner guilty of charges of "gross insubordination" and "failure to perform duties" and dismissed him from employment.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

A review of the record indicates that the findings of the hearing officer, which respondent was permitted to adopt as his own (*see, Matter of Teahan v Bates,* 97 AD2d 768, 769; *Matter of Glengariff Corp. v Axelrod,* 93 AD2d 900, 901), were supported by substantial evidence (*Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979).

Moreover, the sanction of dismissal is not so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222) when it is considered that petitioner's demonstrated misconduct included verbal abuse and threats of violence directed at his supervisor in the presence of other employees.

Finally, we have considered petitioner's contention that the disciplinary hearing did not afford him due process and find it to be lacking in merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.

■ In the Matter of CARL WESS, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — Motion for reinstatement to the Bar by respondent, who, by orders of this court dated July 5, 1983 (94 AD2d 356) and September 23, 1983, respectively, was suspended from the practice of law for a period of one year, effective September 23, 1983, and until the further order of this court.

Motion denied with leave to renew after September 23, 1986 (*see, Matter of Wess,* 107 AD2d 340). Lazer, J. P., Gibbons, Bracken, O'Connor and Niehoff, JJ., concur.