■ In the Matter of NEW YORK STATE COUNCIL OF MECHANICAL TRADES CONTRACTORS et al., Appellants, v HARVEY M. LIFSET et al., Constituting the New York Temporary State Commission on Lobbying, et al., Respondents. (Proceeding No. 1.) In the Matter of GEORGE W. HARDER, Appellant, v HARVEY M. LIFSET et al., Constituting the New York Temporary State

Commission on Lobbying, et al., Respondents. (Proceeding No. 2.)—Mahoney, P. J. Appeals (1) from two judgments of the Supreme Court at Special Term (Klein, J.), entered March 5, 1984 in Albany County, which (A) dismissed that part of petitioners' applications, in proceedings pursuant to CPLR article 78, seeking to annul determinations of the Temporary State Commission on Lobbying imposing $9,000 in civil penalties for the failure to complete lobbyist periodic reports, and (B) transferred the balance of the petitions to this court, and (2) from two orders of said court, entered November 14, 1984 in Albany County, which denied petitioners' motions for reargument.

Petitioner George W. Harder is the legal representative and lobbyist for petitioner New York State Council of Mechanical Trades Contractors (Contractors) and the New York State Nurses Association (Nurses). Harder has continuously represented the Contractors for over 15 years and is paid an annual retainer for general legal services. Of this annual retainer, Harder apportioned $7,000 to legislative activities on behalf of the Contractors. Similarly, Harder has personally represented the Nurses for more than three years and apportioned $5,000 of his annual retainer to legislative activities on behalf of the Nurses. Since Harder's remuneration exceeded the $2,000 statutory threshold, he was subject to the jurisdiction of the Temporary State Commission on Lobbying (the Commission). As a lobbyist, Harder was required to file an annual statement of registration, periodic reports and an annual report.

On October 1, 1982, Harder was notified that the periodic reports filed on behalf of the Contractors and the Nurses were deficient. After Harder submitted corrected reports, the Commission informed Harder that a hearing had been scheduled for October 28, 1982. Harder failed to appear or request an adjournment. On January 25, 1983, the Commission notified Harder that a hearing would be held to determine whether civil penalties should be assessed. The hearing was eventually scheduled for March 8, 1983. After Harder again failed to appear or to contact the Commission to explain his failure to appear, the Commission concluded that he and the associations he represented were delinquent in filing the required periodic reports and imposed $4,500 in civil penalties on each association.

Next, the Commission informed Harder that a hearing would be held on April 12, 1983 to determine whether civil penalties should be assessed for Harder's failure to file a lobbyist annual report for the Nurses and a client annual

report for the Contractors. As a result of this hearing, the Commission imposed a $500 civil penalty on each association for their respective delinquencies. The penalties were turned over to the Attorney-General's office for collection. Harder then commenced two CPLR article 78 proceedings challenging the penalty assessments. Proceeding No. 1 dealt with the Contractors and proceeding No. 2 dealt with the Nurses.

The answers to the petitions asserted the affirmative defense of the Statute of Limitations (CPLR 217), at least as to that portion of the petitions which were addressed to the March 8, 1983 assessment of the $9,000 civil penalty. Special Term concluded that CPLR 217 did operate to bar the proceedings as to the March 8, 1983 determinations. However, Special Term concluded that the petitions did state a timely claim challenging the April 12, 1983 assessment of the $1,000 civil penalty and the right of the Attorney-General to collect the same. Accordingly, Special Term transferred that portion of the petitions to this court (CPLR 7804 [g]). Harder appealed from these judgments and then moved for reargument. Special Term denied the motions for reargument and Harder appealed from the denial of these motions as well.

Special Term correctly held that the challenges to the March 8, 1983 penalty assessments were time barred. The penalties were imposed on March 8, 1983 and these article 78 proceedings were not instituted until August 12, 1983, well after the four-month Statute of Limitations set forth in CPLR 217. Petitioners' contention that the determination was not final because it could be reconsidered is without merit. An administrative determination is final and binding when it has an impact upon a petitioner *(Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965, 966). Here, a reading of the Commission's determination leaves no room for interpretation that it was anything but final. Mere negotiations aimed at reopening a matter do not extend the time to seek review *(supra; see, Matter of Abrams v Public Serv. Commn.,* 96 AD2d 701, *affd* 61 NY2d 718). Thus, Special Term properly dismissed this part of the proceedings.

Turning to that portion of the petition challenging the April 12, 1983 assessment of the $1,000 civil penalty and the Attorney-General's right to collect the same, we conclude that the decision to impose a $500 penalty against both the Contractors and Nurses was supported by substantial evidence. The relevant inquiry is not whether there is substantial evidence differing from the finding of the agency, but whether there is substantial evidence supporting it *(Matter of Gonzales v P.K.*

*Foods,* 22 AD2d 990, 991). Where an agency's decision has a reasonable basis in law and a reasonable factual basis in the record to support it, the decision must be upheld *(Matter of Demisay v Axelrod,* 87 AD2d 667, 668, *lv denied* 57 NY2d 602). Here, Harder submitted to the Commission in his lobbyist periodic reports that he had been paid $7,000 and $5,000 by the Contractors and Nurses, respectively, for lobbying activities. Since these amounts were in excess of the $2,000 threshold which activated the disclosure requirement, Harder clearly was subject to the jurisdiction of the Commission. Further, since Harder conceded the accuracy of the Commission's assertions that he had not timely filed the reports which were the subject of the April 12, 1983 fines, the penalties imposed were rational and amply supported by the record.

Additionally, we cannot conclude that the $1,000 penalty was so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Kostika v Cuomo,* 41 NY2d 673, 674). As a final matter, the denial of petitioners' motions to reargue is not appealable *(see, Conrad v Conrad,* 109 AD2d 772), and the appeal of that denial should, therefore, be dismissed.

Judgments affirmed, without costs.

Determination assessing $1,000 penalty confirmed, without costs, and petitions dismissed.

Appeals from orders dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.