■ In the Matter of TOWN OF NORTH HEMPSTEAD, Petitioner, v ALBERT S. CALLAN et al., Constituting the New York Temporary State Commission on Lobbying, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Temporary State Commission on Lobbying which assessed a penalty against petitioner for failure to timely file an annual report.

The Temporary State Commission on Lobbying (hereinafter Commission) assessed a $1,500 civil penalty against petitioner for its failure to timely file the 1990 Public Corporation Annual Report as required by the Lobbying Act (L 1981, ch 1040, § 1, as amended by L 1983, ch 946, §§ 1-8; L 1985, ch 50, § 5; L 1987, ch 813, §§ 22-24; L 1991, ch 746; L 1992, ch 35). Petitioner does not deny that it failed to timely file the report but merely claims that the delay was inadvertent, as the person who normally handled this responsibility had resigned in November 1990 and no other employee was familiar with the requirements of the Lobbying Act. Upon this record, we find that the Commission's imposition of the civil penalty was rational and supported by the record (see, Matter of New York State Council of Mech. Trade Contrs. v Lifset, 118 AD2d 1012, 1015, lv denied 68 NY2d 610). In addition, we cannot conclude that the $1,500 penalty was " ' "so disproportionate to the offense * * * as to be shocking to one's sense of fairness" ' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233, quoting Matter of Stolz v Board of Regents, 4 AD2d 361, 364).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.