■ NIAGARA FALLS MEMORIAL MEDICAL CENTER et al., Appellants, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: We reject appellants hospitals' contention that they have been deprived of due process as a result of the delay by the Commissioner of Health in determining their applications for review of retroactive readjustment of Medicaid payments for 1980 based on volume adjustments (10 NYCRR 86-1.12). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands" (*Morrissey v Brewer*, 408 US 471, 481; see *Schweiker v McClure*, __ US __, 50 USLW 4406; *Mathews v Eldridge*, 424 US 319, 334-335). Under the circumstances here, the dictates of due process do not require that appellants be afforded an opportunity to be heard prior to computation of retroactive volume adjustments; these adjustments are based solely on mechanical mathematical application of formulas set forth in 10 NYCRR 86-1.12 and involve no factual determination. Nor must a hearing be held prior to commencement of recoupment (see *Mathews v Eldridge, supra; Clove Lakes Nursing Home v Whalen*, 45 NY2d 873); if appellants are not promptly afforded their rights pursuant to 10 NYCRR 86-1.12 following commencement of recoupment, their remedy would be a CPLR article 78 proceeding to compel the department to comply (see *Clove Lakes Nursing Home v Whalen, supra*, pp 875-876). (Appeal

from order of Supreme Court, Niagara County, Kuszynski, J. — injunction — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.