In the Matter of CORTLANDT NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Proceeding No. 1.)

In the Matter of KING STREET HOME, INC., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Proceeding No. 2.)

In the Matter of HIGHLAND NURSING HOME, INC., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants, et al., Respondent. (Proceeding No. 3.)

Third Department, February 2, 1984

#### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Clifford A. Royael* and *William J. Kogan* of counsel), for appellants.

*O'Connell & Aronowitz, P. C.* (*Cornelius D. Murray* of counsel), for respondents.

#### OPINION OF THE COURT

WEISS, J.

We hold today that while the six-year time limitation in CPLR 213 does not bar State actions to recoup alleged

Medicaid overpayments taken wholly within the administrative process, such actions may, nevertheless, properly be enjoined when an inordinate amount of time has elapsed between the alleged overpayments and the commencement of recoupment.

In these consolidated CPLR article 78 proceedings commenced by three licensed residential health care facilities, Special Term permanently enjoined the State from undertaking further action to recoup alleged Medicaid overpayments, holding that the claims were each for money had and received and time barred by the six-year Statute of Limitations. Under the methodology employed, the Medicaid reimbursement rate for each facility is established prospectively by review of operating costs for a prior base period trended to allow for inflation. The base year cost reports are subsequently audited by the Department of Health (see 10 NYCRR 86-2.7) and retroactive rate adjustments made when overpayments are discovered. The nursing home operator may request modifications of an audit and, thereafter, initiate a full bureau review (10 NYCRR 86-2.7 [d], [e]). There is entitlement to a full-scale administrative hearing in conformity with the State Administrative Procedure Act (10 NYCRR 86-2.7 [f]). The State can initiate recoupment prior to a hearing but must, within a reasonable time thereafter, commence the administrative hearing (*Clove Lakes Nursing Home v Whalen*, 45 NY2d 873; *Niagara Falls Mem. Med. Center v Axelrod*, 88 AD2d 777). CPLR article 78 review is available to review a final administrative determination.

In proceeding No. 1, the Department of Health did not complete its audit of the 1969 and 1970 reports submitted by petitioner Cortlandt Nursing Home until March, 1976. The audit disallowed certain expenses for which petitioner had been reimbursed in its rate period ending June 30, 1972. It was not until June 25, 1979 that hearings on petitioner's administrative appeal were commenced, culminating in an order on January 26, 1982, almost 12 years later, revising rates for the period ending June 30, 1972. In proceeding No. 2, petitioner King Street Home, Inc., was notified in March, 1977 that the Department of Health's audit of the 1970 cost report, and in April, 1978 that the

audit of the 1971 through 1973 cost reports, both resulted in retroactive revisions of the reimbursement rate for periods from July 1, 1971 through March 31, 1975. Hearings upon that petitioner's administrative appeal were not scheduled until May, 1982, again almost 10 years after payments had been made. In proceeding No. 3, the audit of petitioner Highland Nursing Home, Inc.'s 1970 through 1972 cost reports was not completed until June 1, 1976, at which time the Department of Health notified petitioner that rate adjustments would be made. On the appeal from that petitioner's CPLR article 78 proceedings seeking a declaratory judgment and an injunction against retroactive rate revisions without a hearing, this court held that recoupment could begin on the condition that a hearing be conducted by the Department of Health upon petitioner's administrative appeal within 90 days of the commencement of recoupment (*Portnick v Whalen,* 65 AD2d 827). Although no hearing has been held, the department commenced recoupment in April, 1982. It is from three separate judgments, each permanently enjoining the Department of Health from undertaking any further steps to recoup the alleged Medicaid overpayments, that respondents have brought these consolidated appeals.

Our determination requires that we first address the issue of whether the civil Statute of Limitations in CPLR 213 (subd 2) concerning money actions can bar State action to recoup Medicaid overpayments effectuated wholly within the administrative process. It is beyond cavil that the State's attempted recoupment is not an "action" (see CPLR 105, subd [b]). The Court of Appeals has clearly stated that "an administrative proceeding is not an action" (*Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80, 82). Special Term, therefore, erred in holding that CPLR 213 (subd 2) imposed a six-year limitation of time within which the State could seek recovery of overpayment by recoupment, and that portion of each judgment which granted so much of the petitions as sought a declaration that the Department of Health's actions were illegal must be reversed.

We reach a contrary conclusion, however, with respect to that portion of each judgment which enjoined recoupment

or attempted recoupment. For the reasons herein stated, we affirm the permanent injunction granted in each judgment. Respondents, citing *City of New York v State of New York* (40 NY2d 659, 668), contend that the audit procedures initiated within six years of filing of the annual cost reports were timely* and that any causes of action to recover or recoup overpayments did not accrue until after a final and binding determination was made. Arguing that a Medicaid provider must be afforded due process through an administrative hearing when the commissioner seeks to recoup purported overpayments (*Matter of White Plains Nursing Home v Whalen,* 42 NY2d 838, cert den 434 US 1066), respondents contend that a time bar to recoupment could not commence running until after completion of administrative hearings and rendition of a final determination. Petitioners argue that the State has consistently contended that causes of action to recoup overpayments are "for money had and received and therefore governed by the six-year limitation of CPLR 213" (*People v Duggan,* 30 AD2d 736), which six-year period in cases involving Medicaid reimbursement rate audits commences to run at the time the State makes payment to a facility (see *State of New York v Sangers Nursing Home,* Supreme Ct, New York County, July 1, 1980, STECHER, J., affd 79 AD2d 899). More than six years having elapsed since payments were made to each petitioner, any action at law would be time barred under CPLR 213 (subd 2). Petitioners finally contend that if the State utilizes the full six-year period within which to audit and then avails itself of an additional like period before making a final determination upon administrative appeal, it will have created a 12-year period in which to effectuate recoupment, thus being permitted to accomplish administratively what it would be barred from doing in the civil context of the judicial process.

There does not appear to be a Statute of Limitations applicable to the time within which administrative appeals must be commenced or completed. Subdivision 1 of section

---

* Effective November 17, 1969, 10 NYCRR 86.8, entitled "Audits", provided that all fiscal and statistical reports are subject to audit. Effective December 19, 1974, paragraph (c) of that regulation provided, "The required fiscal and statistical reports shall be subject to audit for a period of six years from the date of their filing with the department". This section was renumbered 86-2.7 effective September 30, 1976.

301 of the State Administrative Procedure Act provides: "In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time." The subject proceedings are covered by subdivision 3 of section 102 of said act. In *Matter of Utica Cheese v Barber* (49 NY2d 1028), the Court of Appeals inferentially held 90 days to be "within reasonable time", on the facts of that case, for a commissioner to reach a decision under subdivision 1 of section 301 of the State Administrative Procedure Act. Respondents erroneously rely upon *Matter of Streter v Axelrod* (Supreme Ct, Albany County, April 26, 1983, HUGHES, J.), a Medicaid reimbursement overpayment case, as authority for their contention that the Statute of Limitations barring a civil action is no defense where other means of legal action, such as recoupment, exist. It is well established that the remedy of setoff is available only when based upon a legally enforceable claim (6 Williston, Contracts [3d ed], § 887E, pp 543-558; see, also, *Grace Line v United States,* 255 F2d 810, 813).

The issue is thus distilled to whether it is reasonable to permit a 10-year delay in reaching a determination by an administrative agency which provides finality to a reimbursement rate. Courts should not permit the accomplishment of an otherwise impermissible act under the cover of administrative fiat. It is solid public policy that " 'the operation of government not to be trammeled by stale litigation and stale determinations' " (*Solnick v Whalen,* 49 NY2d 224, 232, citing *Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352, 359 [BREITEL, Ch. J., dissenting]). The *Solnick* court wisely held that the financial planning of both government and the providers of Medicaid services required prompt resolution of controversies with respect to final reimbursement rate determinations. It can hardly be said that the delays in each of these proceedings, if permitted, would be consonant with the lesson in *Solnick v Whalen (supra).* We, therefore, hold that Special Term was correct in permanently enjoining respondents from recoupment of the subject overpayments.

The judgments should be modified, on the law, by reversing so much thereof as granted those portions of the petitions seeking a declaration that the actions taken by respondents were illegal, and, as so modified, affirmed, without costs.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Judgments modified, on the law, by reversing so much thereof as granted those portions of the petitions seeking a declaration that the actions taken by respondents were illegal, and, as so modified, affirmed, without costs.