■ In the Matter of A. HARRY KUPERSMITH, Respondent, v PUBLIC HEALTH COUNCIL OF THE STATE OF NEW YORK et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Connor, J.) entered August 15, 1983 in Albany County, which granted respondents' motion for reargument and, upon reargument, adhered to its prior judgment granting petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to recognize petitioner's withdrawal from the ownership, interest and operation of Ramapo Manor Nursing Center. ¶ Petitioner was one of four partners who owned and operated Ramapo Manor Nursing Center. On December 21, 1976, petitioner sold his interest in the partnership to Lawrence Kluger, one of the other partners. Since section 2801-a (subd 4, par [a]) of the Public Health Law requires approval by the Public Health Council for all changes in the operating partnership of a nursing home, it would appear that petitioner could not unilaterally divest himself of his interest in the nursing home. In apparent recognition of this, the sale agreement provided that it was conditioned on approval of the partnership change by the State. By letter dated December 29, 1976, petitioner requested that his name be removed from the operating certificate. The remaining partners concomitantly applied for a change in the certificate to reflect the withdrawal of petitioner from the partnership. Respondents have failed to act on petitioner's application despite the fact that, from July of 1977 to February of 1982, petitioner has made at least seven formal, written demands that it do so. Respondents have taken the position that petitioner's application could not be granted until the new operating entity has been approved (i.e., the other partners' request to change the operating certificate has been granted). Since that has not yet occurred,

respondents did not act on any of petitioner's requests. ¶ With regard to the remaining partners' application, they were notified on April 21, 1980 that respondents were considering denying such application. A hearing was requested, though it was not until December 9, 1983 that respondents served a notice of a hearing. ¶ On February 3, 1983, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus seeking an order directing respondents to grant his application to recognize his withdrawal from the partnership effective January 1, 1976. Respondents moved, prior to answering, to dismiss the proceeding on objections in point of law on the ground that, as a matter of law, petitioner was not entitled to the relief sought. Special Term denied the motion and granted petitioner the relief sought in a judgment dated April 2, 1983. Respondents moved for reargument. Special Term granted such motion and adhered to its original decision.[1] Respondents appeal from this latter order, thus bringing up for review the judgment (*Marine Midland Bank v Fisher*, 85 AD2d 905). ¶ Respondents contend on this appeal that mandamus lies only where the duty sought to be enjoined is ministerial. Since determination of petitioner's application requires the exercise of discretion, they argue, Special Term was without authority to grant the relief it did. Petitioner urges that mandamus is appropriate to compel performance of a discretionary duty where discretion has been abused. ¶ Relief in the nature of mandamus is appropriate only where the right to relief is "clear" and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion (*Matter of Hamptons Hosp. & Med. Center v Moore*, 52 NY2d 88, 96). Section 2801-a (subd 4, par [a]) of the Public Health Law provides that, "Any change in the person who or partnership which is the operator of a hospital shall be approved by the public health council in accordance with the provisions of subdivisions two and three of this section."[2] A reading of subdivisions 2 and 3 of section 2801-a, which provide the procedures and factors involved in the approval process, makes it clear that the determination of whether to approve a change in the partnership operating a nursing home is a matter of discretion. It is apparent that recognition of petitioner's withdrawal from the partnership is part and parcel of the Public Health Council's determination of whether to approve the change in the partnership format. While it could be argued that the act of recognizing that a person is or is not a partner in the operation of a nursing home is ministerial, it is clear that, in this case, the act of recognizing that petitioner is not a partner is necessarily conditioned upon the approval of the change in the partnership. The latter act is clearly discretionary and, therefore, mandamus does not lie to compel the relief sought by petitioner in this proceeding. ¶ The cases cited by petitioner for the proposition that mandamus lies to compel the performance of a discretionary act do not require a different result. While mandamus may be available to compel a State agency to take action upon an application which involves a matter of discretion, it does not lie to compel the agency to act in a particular manner substantively favorable to the applicant (*Matter of Hamptons Hosp. & Med. Center v Moore, supra,* pp 96-97, n 3). Thus, in the instant case, while mandamus may lie to compel respondents to render a decision on the applications before it, it was inappropriate to direct respondents to issue a determination in petitioner's favor, i.e., recognizing his withdrawal from the partnership. ¶ The relief granted in the instant proceeding was inappropriate for the additional reason that mandamus "lies only where the right to relief is

---

1. Special Term initially denied reargument but later amended its order to indicate that it granted reargument and adhered to its prior decision.

2. A nursing home is a "hospital" for the purposes of this section (Public Health Law, § 2801, subd 1; *Matter of Sigety v Hynes,* 38 NY2d 260, 268, cert den *sub nom. Kent Nursing Home v Office of Special State Prosecutor,* 425 US 974).

'clear' " (*id.,* at p 96). Here, it is not at all clear that petitioner is entitled to the relief sought, pursuant to either the Public Health Law or basic contract law. Petitioner sought to have respondents recognize that he is not a partner in the operation of the nursing home when, in fact, the operating certificate, a change of which has not been approved, indicates that he is a partner. Moreover, paragraph 9 of the agreement of sale between petitioner and his partners provides that, "The Agreement is subject to State approval of the proposed partnership change." Since this contingency has not occurred, it is not clear that petitioner has contractually completed the attempted divestiture of his interest in the nursing home. ¶ Lastly, petitioner urges that the relief granted was appropriate in light of respondents' bad-faith delay in determining his application and the remaining partners' request for approval of the partnership change. We agree with petitioner and Special Term that, on the face of the record, this case presents an example of unconscionable bureaucratic procrastination.[3] However, the fact remains that the Legislature has vested a great deal of discretion in the Public Health Council to approve changes in the operating structure of nursing homes based upon factors directly related to the best interest of the public generally (see Public Health Law, § 2801-a, subd 3). While it cannot be questioned that extensive and unwarranted delay by respondents, as exemplified by this case, is prejudicial to applicants such as petitioner as well as to the public, such fact, while perhaps justifying relief in the nature of mandamus to compel respondents to make some decision within a specified time period (see *Matter of Utica Cheese v Barber,* 49 NY2d 1028), does not justify directing that respondents reach a particular substantive result without regard to the considerations set forth in the statute. ¶ In our view, respondents' motion to dismiss should have been granted. ¶ Order modified, on the law, without costs, by reversing so much thereof as denied respondents' motion to set aside the judgment entered April 11, 1983 and upheld such judgment; judgment entered April 11, 1983 vacated, motion to dismiss petition granted and petition dismissed; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

3. One reason for the delay which appears in the record is the fact that the partner to whom petitioner sold his interest was under indictment for Medicaid fraud. However, this fact would only serve to excuse a small part of the delay since that criminal matter was completed by June 15, 1978, almost five years before this proceeding was commenced.