■ In the Matter of SUSAN SRETER, Doing Business as NASSAU NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 15, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a declaration that respondents are barred from recovering from petitioner certain alleged overpaid Medicaid reimbursement payments.

Petitioner, doing business as the Nassau Nursing Home (Nassau), participates in the Medicaid program. The Department of Health completed its audit of petitioner's cost reports from 1970 through 1973 in May of 1977. As a result, certain expenses petitioner had claimed and for which she had been reimbursed were disallowed. Petitioner contested the conclusions of the audit and submitted a letter of protest to the department. After considering the protest, the department determined, nevertheless, that certain of petitioner's expenses were unallowable and recalculated petitioner's reimbursement rate for applicable rate periods ending on December 31, 1975. In July of 1981, petitioner received notice from the department that a hearing would be held commencing August 20, 1981, but later adjourned to September 21, 1981, with respect to the challenged revision of petitioner's reimbursement rate. Both parties thereafter consented to an adjournment of the hearing to allow their respective auditors to investigate more thoroughly and possibly reach a settlement. After first notifying petitioner by letter dated August 26, 1981 of its intention to do so, the department began recouping the alleged overpayments in October of 1981. Petitioner then commenced this CPLR article 78 proceeding, contending that the Statute of Limitations and laches bar recoupment. Special Term dismissed the petition because petitioner had not exhausted her administrative remedies and this appeal followed.

This case is virtually indistinguishable from *Matter of Cortlandt Nursing Home v Axelrod* (99 AD2d 105), where this court enjoined the Department of Health from recouping Medicaid reimbursement overpayments because "an inordinate amount of

time ha[d] elapsed between the alleged overpayments and the commencement of recoupment" (*id,* at p 106).

The second of the three consolidated article 78 proceedings before the court in *Cortlandt* is particularly analogous to Nassau's situation. There, the department audited the 1970 through 1973 cost reports of the King Street Home, Inc., between 1977 and 1978 and retroactively revised the reimbursement rate for the applicable periods. Not until May of 1982 did the department schedule a hearing on King Street Home's appeal. The factual posture confronting petitioner is not appreciably different; the department completed auditing Nassau's 1970 though 1973 cost reports in May of 1977 and its administrative appeal was not scheduled until August of 1981. Likewise, the third proceeding in *Cortlandt* involved a 1976 audit of cost reports from 1970 to 1972. Without conducting any hearing, the department initiated recoupment in April of 1982. The matter *sub judice* arose out of an audit of the same cost reports (plus a 1973 cost report) and recoupment began in October of 1981. It is also noteworthy that, like Nassau, neither petitioner in the second or third *Cortlandt* proceeding had exhausted its administrative remedies. Given the substantial similarity of these cases, a proposition not seriously disputed by respondents, *Cortlandt* appears dispositive of at least so much of the petition as seeks to enjoin respondents from further recoupment.

Despite respondents' contrary contention, the recent decisions in *Matter of Daleview Nursing Home v Axelrod* (62 NY2d 30) and *Heckler v Community Health Servs.* (467 US —, 52 USLW 4621) have not undermined *Cortlandt's* holding. Both cases are inapposite for both are premised on estoppel. The policy reasons underlying an estoppel theory are inapplicable to the inordinate delay concept espoused in *Cortlandt.*

While *Cortlandt* warrants granting petitioner's request to have respondents barred "from pursuing any recovery or attempted recovery of alleged Medicaid reimbursements to petitioner for rate periods ending on December 31, 1975" and enjoined "from further pursuing the matter in any fashion" and "that further recoupment immediately cease", the request to have respondents "repay petitioner the amount heretofore recouped" has not yet been decided administratively. Accordingly, this aspect of the proceeding is remitted to respondent Commissioner of Health for further proceedings in this regard.

Judgment reversed, on the law, with costs, petition granted except insofar as it requests repayment to petitioner of the amount heretofore recouped and matter remitted to the Commissioner of Health in this regard for further proceedings not

inconsistent herewith. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.