■ In the Matter of CATTARAUGUS COUNTY NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Proceeding No. 1.) In the Matter of CATTARAUGUS COUNTY HOME AND INFIRMARY, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Proceeding No. 2.) — Appeals from two judgments of the Supreme Court at Special Term (Torraca, J.), entered October 17, 1983 and January 10, 1984 in Albany County, which granted petitioners' applications, in proceedings pursuant to CPLR article 78, to annul certain retroactive Medicaid reimbursement rate determinations of the Commissioner of Health and for a permanent injunction against any recoupment of alleged overpayments based on said determinations.

Both petitioners are residential health care facilities which receive Medicaid reimbursement at a rate determined by the Commissioner of Health according to the provisions of sections 2807 and 2808 of the Public Health Law. Audits by the Department of Health indicated the possibility that petitioners had been overpaid and that adjustments were required to recover the excess Medicaid reimbursements. Following a bureau review requested by petitioners (10 NYCRR 86-1.8 [e]), the department modified its original determination. However, both petitioners remained dissatisfied and sought additional review in an administrative hearing (10 NYCRR 86-1.8 [f]).

Petitioner Cattaraugus County Nursing Home (CCNH) was informed of the department's initial findings in early December, 1979. It requested a bureau review by letter dated January 3, 1980 and was informed of the results of that review in mid-August, 1980. On September 12, 1980, petitioner CCNH requested an administrative hearing. It was not until mid-August, 1982 that the department granted petitioner CCNH's request for a hearing, and scheduled a hearing for September 3, 1982. The record indicates that the hearing was never held. Having cause to believe that the department was planning to recoup the balance of the overpayment as determined by the bureau review through a downward adjustment of petitioner's current Medicaid reimbursement rate, petitioner CCNH commenced a CPLR article 78 proceeding seeking, *inter alia,* an injunction proscribing the department from further attempts to collect the alleged overpayment.

Petitioner Cattaraugus County Home and Infirmary (CCHI) was informed of the department's initial findings in mid-May, 1979. It was a timely request for bureau review. Petitioner CCHI was notified in mid-August, 1980 that, as a result of the bureau review, the department had modified its original determination. Petitioner CCHI requested an administrative hearing on September 12, 1980. Once again, it was not until mid-August, 1982 that petitioner CCHI was informed that a hearing had been scheduled. The record is absent any indication that the hearing was ever held.

Special Term held that the department's attempt to recoup any excess reimbursement was a claim for money had and received and thus subject to the six-year Statute of Limitations contained in CPLR 213 (subd 2). This was error. As this court recently held in *Matter of Cortlandt Nursing Home v Axelrod* (99 AD2d 105, mot for lv to app granted 64 NY2d 602), that time limitation provision is inapplicable to administrative attempts to recoup Medicaid overages (*id.,* at pp 106-107).

However, the department is not free to disrupt the fiscal plans and operations of petitioners by inordinately delaying its required audits (10 NYCRR 86-2.7). Clearly, the department is authorized to recoup excess Medicaid reimbursements made to extended care facilities by offsetting retroactive adjustments against current or future reimbursement rates (*Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Tioga Nursing Home v Axelrod,* 90 AD2d 570, 571, affd 60 NY2d 717; *Hurlbut v Whalen,* 58 AD2d 311, mot for lv to app den 43 NY2d 643; 10 NYCRR 86-2.8 [g]). However, before such recoupment may take place, each petitioner must be afforded a hearing as required by the department's own regulations (10 NYCRR 86-2.7 [f]). The department is statutorily obliged to ensure that such a hearing is held "within [a] reasonable time" (State Administrative Procedure Act, § 301, subd 1). We hold that a hearing scheduled for a date two years after demand is not within a reasonable time (see *Matter of Cortlandt Nursing Home v Axelrod, supra*).

Petitioners properly commenced these proceedings since they were never afforded an adequate administrative review (*Solnick v Whalen,* 49 NY2d 224, 230-231). Because of the department's disregard of the statutory timeliness requirement (State Administrative Procedure Act, § 301), we hold that Special Term acted properly in permanently enjoining respondent from taking any further action to recover the Medicaid reimbursement funds that were the subject of the proceedings below (see *Matter of Cortlandt Nursing Home v Axelrod, supra,* p 109).

Judgments affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.