■ In the Matter of MICHAEL A. BLASE, Doing Business as UNIVERSITY HEIGHTS NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered August 30, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to permanently enjoin respondents from recouping any purported Medicaid overpayments for the base years 1973 through 1979 and to order respondents to render a determination with respect to petitioner's Medicaid reimbursement rate reports for 1981 and 1982 within 90 days.

Petitioner operates a skilled nursing facility in the City of Albany and participates in the Medicaid program. After an audit and a request by petitioner for administrative review, petitioner was informed by notice dated January 21, 1980 that the review for periods during 1972 through 1974 was completed and adjustments to the reimbursement rates were made. By letter dated February 18, 1980, petitioner objected to the adjustments and demanded a hearing. Respondents* took no action until petitioner was requested, by letter dated August 30, 1983, to participate in a conference to settle the matter. The conference did not prove fruitful and respondents provided petitioner with an opportunity to request a hearing. Similar objections to audits and requests for hearings with regard to periods during 1974 through 1979 have been made by petitioner, but the record fails to reveal any administrative action undertaken by respondents in response. Furthermore, petitioner has appealed his 1983 Medicaid reimbursement rate but no administrative action has apparently been taken and no audit of petitioner's 1982 cost reports has allegedly been made. To challenge respondents' failure to act on the various requests for administrative hearings and review, petitioner commenced this proceeding. Special Term granted the petition, concluding that respondents' delay had been unreasonable, permanently enjoined respondents from recoupment of any purported overpayments for the base years 1973 through 1979 and ordered respondents to render a determination on petitioner's reports for 1981 and 1982 within 90 days. From the judgment entered thereon, respondents appeal.

---

* Legislation has transferred the audit function from the State Department of Health to the State Department of Social Services (L 1983, ch 83, §§ 4, 9). The audit procedures remain quite similar (compare, 10 NYCRR 86-2.7, with 18 NYCRR 518.1).

We do not concern ourselves with respondents' contentions concerning the six-year limitation period for recoupment and when said period commences to run. This issue has previously been considered by this court in *Matter of Cortlandt Nursing Home v Axelrod* (99 AD2d 105, *appeal dismissed* 63 NY2d 772, *lv granted* 64 NY2d 602), which rejected respondents' claim and held that administrative determinations regarding nursing home administration must be undertaken in a reasonable time (99 AD2d, at p 109; *see, Matter of Cattaraugus County Nursing Home v Axelrod,* 107 AD2d 950, 951-952). Thus, this court has criticized delays in nursing home administrative determinations which have taken as long as 10 years (*Matter of Cortlandt Nursing Home v Axelrod, supra*), five years (*Matter of Kupersmith v Public Health Council,* 101 AD2d 918, 920, n 3, *affd* 63 NY2d 904) and two years (*Matter of Cattaraugus County Nursing Home v Axelrod, supra; Matter of Hartman v Axelrod,* 103 AD2d 863, 864, n, *affd* 64 NY2d 971). Indeed, we have seen fit to enjoin the recoupment of overpayments where the delay was deemed unreasonable (*Matter of Cattaraugus County Nursing Home v Axelrod, supra; Matter of Cortlandt Nursing Home v Axelrod, supra*). In this case, the delays in affording petitioner further administrative review of the 1972 through 1979 periods have ranged from some 2 to 4 years. As indicated by our previous displeasure with the delays in determining matters related to the administration of nursing homes, such procrastination by respondents cannot be condoned. Accordingly, we cannot say that Special Term erred in enjoining respondents from recoupment of any purported overpayments for the 1973 through 1979 periods. We note that petitioner's failure to exhaust administrative remedies cannot serve as a bar to this proceeding in light of the difficulties petitioner has confronted in gaining further administrative review.

We also reject respondents' claim that because petitioner has no clear legal right to an audit within 90 days, Special Term erred in requiring respondents to render a determination on petitioner's reports for 1981 and 1982 within 90 days. We have previously indicated that extensive delay may justify compelling respondents to make some determination, although not a specified determination, within a particular time period (*see, Matter of Kupersmith v Public Health Council, supra,* p 920). Considering the unwarranted and unexplained delays in completing petitioner's hearings for the 1973 through 1979 periods, we cannot say that Special Term erred in concluding that this situation required respondents to be compelled to act. Accordingly, the judgment must be affirmed.

Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr. and Harvey, JJ., concur; Levine, J., concurs in a separate memorandum.

Levine, J. (concurring). Although, in my view, the instant case is distinguishable at least in part from *Matter of Cortlandt Nursing Home v Axelrod* (99 AD2d 105, *appeal dismissed* 63 NY2d 772, *lv granted* 64 NY2d 602), I am constrained to concur on the basis of this court's decision in *Matter of Cattaraugus County Nursing Home v Axelrod* (107 AD2d 950).