■ In the Matter of JORGE JIMINEZ et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v GEORGE GROSS, as Administrator and Commissioner of the Human Resources Administration of the New York City Department of Social Services, et al., Respondents.—In a proceeding, *inter alia,* to compel the respondents to provide a special public assistance moving-expenses allowance to certain homeless families, and for a declaratory judgment, the petitioners appeal from a judgment of the Supreme Court, Kings County (Aronin, J.), dated April 11, 1985, which denied their

application to be certified as a class, denied their request for a declaratory judgment, and, upon the respondents' cross motion, dismissed the proceeding with leave to renew.

Judgment modified, on the law, by deleting therefrom the provision granting the petitioners' leave to renew, and upon searching the record, substituting therefor a provision dismissing the proceeding on the merits. As so modified, judgment affirmed, without costs or disbursements.

The three named petitioners are all recipients of public assistance, who, in 1984, were required to move from one emergency temporary housing facility to another, incurring certain moving expenses as a result. They all sought reimbursement of these expenses from the respondent local commissioner but their applications were rejected. They then commenced the instant proceeding seeking, *inter alia,* to compel the local commissioner to provide the moving expenses, a preliminary injunction, certification as a class and a declaratory judgment declaring the rights of the class with respect to expenses incurred when moving between emergency temporary housing facilities. However, at about the same time that the instant proceeding was commenced, the named petitioners separately requested, and received, administrative review and fair hearings on the propriety of the local commissioner's denial of reimbursement for moving expenses in their individual cases.

Special Term denied the petitioners' demands for a preliminary injunction, class certification and declaratory relief. With respect to so much of the proceeding as sought to compel the local commissioner to reimburse the named petitioners, Special Term dismissed with leave to renew, on the ground that the petitioners, by commencing the proceeding before decisions had been rendered on their administrative hearings, had failed to exhaust their administrative remedies. Soon after Special Term's decision, the respondent Perales issued determinations in each of the named petitioners' administrative hearings, and denied their applications for reimbursement for their moving expenses.

The petitioners' receipt of these adverse administrative hearing determinations, which are not presently before us for review, has effectively rendered moot their appeal from so much of the judgment as dismissed the proceeding for failure to exhaust their administrative remedies. Nevertheless, as this question is important and is likely to recur, we find that it is properly before this court, and the appeal from that part of

the judgment which denied relief in the nature of mandamus should not be dismissed for mootness *(see, e.g., Matter of Jones v Berman,* 37 NY2d 42, 57).

We find that, under the circumstances of this case, these petitioners were not required to exhaust their administrative remedies through the respondents' administrative hearing procedures. Much of the relief sought—a preliminary injunction, class certification and a declaratory judgment—would have been beyond the scope of the administrative hearing procedures *(see, e.g., Matter of Mas v Lavine,* 43 AD2d 831, *affg* 76 Misc 2d 344, 346). However, in the instant case, class certification was properly denied, as "[w]here governmental operations are involved, class actions are generally not superior to other available methods of adjudication (CPLR 901, subd a, par 5)" *(Gonzalez v Blum,* 96 AD2d 1091, 1092). Further, the petitioners failed to demonstrate that the respondents have a continuing policy of denying grants to reimburse public assistance recipients for expenses incurred in moving from one temporary emergency housing facility to another, and therefore, Special Term did not err in refusing to grant declaratory relief *(see, Allen v Blum,* 58 NY2d 954).

With respect to so much of the proceeding as sought to compel the local commissioner to reimburse the named petitioners for their moving expenses, we find, contrary to the petitioners' assertions, that neither statute, regulation nor decisional law mandates that the local commissioner must, in every case and under all circumstances, provide grants to reimburse a public assistance recipient for whatever moving expenses he or she may claim to have incurred, and consequently, resort to a fair hearing will be necessary in those cases where, as here, such an application is initially denied. The petitioners' claim that they are entitled to reimbursement without a hearing is incorrect, and the petition must, therefore, be dismissed on the merits. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.