OPINION OF THE COURT
William H. Keniry, J.
This CPLR article 78 proceeding reflects the significant concern of the petitioner, Interstate Sanitation Commission (ISC), over the possibility that New York State’s 1988-1989 funding of the ISC will be drastically slashed. The petition seeks an order to preliminarily enjoin Governor Mario M. Cuomo and other State officials from allegedly illegally withholding funds appropriated to the ISC in the 1988-1989 State operations budget and to compel immediate payment of a voucher submitted by the ISC seeking payment of $113,775.
The respondents oppose the relief sought and seek dismissal *253 of the proceeding on the grounds that mandamus to compel payment is not an appropriate remedy in this case and that the controversy is nonjusticiable.
The facts are simple. The ISC is a tri-State regulatory agency created by interstate compact and is funded by the States of New York, New Jersey and Connecticut. The agency’s primary focus is in the area of water pollution abatement, monitoring and control within the Interstate Sanitation District which includes waters located within the boundaries of the three States.
The 1988-1989 New York State operations budget adopted by the Legislature on April 19, 1988 includes an appropriation of $455,100 for the ISC. This appropriation is set forth as a separate line item within the budget of the New York State Department of Environmental Conservation (DEC). In past years, the ISC received money in partial payments from time to time upon submission of vouchers. In May of 1988, the ISC submitted a voucher to DEC to secure payment of what it denominates its first 1988-1989 quarterly installment in the amount of $113,775. After adoption of the budget, a budget deficit for New York State was predicted by the Governor. The Governor, as one cost-cutting measure, recommended to the Legislature a drastic reduction in the ISC’s appropriation. On June 14, 1988, employees of DEC notified the ISC that its recently submitted voucher would not be processed until the Legislature acted upon the Governor’s request to reduce the ISC’s appropriation.
The petitioner contends in this proceeding that duly approved 1988-1989 budget funds have been illegally "impounded” by gubernatorial directive. The petition alleges that, without prompt payment by New York of its first installment, the ISC will not be able to cover normal operating expenses and the agency will be forced out of business.
The key issue is whether the court can compel the respondents to immediately process and pay the voucher submitted by the ISC. Despite the categorization of the petitioner that the relief it seeks is in the nature of a preliminary injunction, it is clear that the relief sought is mandamus. An order in the nature of mandamus is "appropriate only where the right to relief is 'clear’ and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion” (Matter of Kupersmith v Public Health Council, 101 AD2d 918, 919, affd 63 NY2d 904). *254 "The act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental, and be premised upon specific statutory authority mandating performance in a specific manner” (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740, 741, lv denied 65 NY2d 604). In this case, petitioner has not established that DEC is required, either by statute, rule or regulation, to approve the ISC’s voucher within any specific limitation of time (see, Matter of Siddiqui v New York State Dept. of Social Servs., 116 AD2d 909). Indeed, the record reflects that, in the ordinary course of business, it took about two months to administratively process payment of the ISC’s vouchers for the fiscal year 1987-1988.
The primary authority relied upon by petitioner is Matter of County of Oneida v Berle (49 NY2d 515). That case is distinguishable. In County of Oneida (supra), the Governor refused to authorize payment of funds that had been legislatively appropriated. In this case, the Governor has recommended that the 1988-1989 appropriation of the ISC be reduced and the Legislature apparently is considering that request at this time. Since the Legislature possesses the power to amend its enactments (NY Const, art VII, § 4), it has authority to accept or reject the Governor’s recommendation.
Under the circumstances, the court does not find that any illegal "impoundment” of funds has occurred. Mandamus to compel the immediate payment of the ISC’s pending voucher does not lie as a matter of law.
The respondents’ motion to dismiss the proceeding is granted, without costs.