Spain, J.
Appeal from a judgment of the Supreme Court *1117 (Cahill, J.), entered January 25, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents’ motion to dismiss the petition/complaint.
In June 1991, the Department of Health granted petitioner a certificate of need to construct a 280-bed nursing home. Several years later, petitioner commenced operations, conditioned upon its compliance with a 40-bed phase-in schedule. Pursuant to this process, petitioner contacted the Department when the first 40-bed unit was near full capacity and the Department then certified another 40-bed unit for occupancy; theoretically, this process was to repeat itself until all 280 authorized beds were certified. Revised operating certificates increasing the number of certified beds were issued twice in 1999 and annually in 2000 and 2001, at which time the facility was certified to operate 240 beds. The record does not reflect that petitioner ever requested certification of the remaining 40 beds that it was authorized to operate by its certificate of need.
In March 2011, petitioner submitted a Medicaid rate appeal to the Department which sought, among other things, a recalculation of its Medicaid reimbursement rate based on its actual certified capacity of 240 beds — rather than the 280 authorized beds — for the rate years 2001 through 2010.* Five months later and prior to a determination of that appeal, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action in Supreme Court seeking, among other things, a writ of mandamus to compel the Department to process its pending rate appeal and to compel the Department to recalculate petitioner’s rates based on its actual capacity of 240 certified beds. In a January 2012 decision, the court dismissed petitioner’s proceeding on the grounds that its rate appeal was still pending and there was no final administrative determination to review and, thus, petitioner had failed to exhaust its administrative remedies. Petitioner now appeals that dismissal.
Initially, petitioner concedes that on February 1, 2013, subsequent to the filing of this appeal, the Department issued a determination denying its rate appeal, which is not before us. Accordingly, to the extent that petitioner seeks to compel the Department to process its appeal, such request has been rendered moot by the Department’s February 1 determination (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; *1118 Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1130 [2013]; Matter of Almodovar v Altschuller, 232 AD2d 700, 700 [1996]; Demisay v Whalen, 59 AD2d 444, 448 [1977]; see also Matter of City of New York v Carrion, 101 AD3d 1521, 1522 [2012]).
We reject petitioner’s contention that its appeal in this regard is not moot because, in later denying its rate appeal, the Department ultimately did not use the methodology it sought, namely, the use of its 240-bed actual capacity rather than the 280 beds certified in the rate computation. “[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties” (Coleman v Daines, 19 NY3d 1087, 1090 [2012]). Here, the Department has since denied petitioner’s rate appeal on the merits, which determination and the merits thereof are not presently before us for review; thus, petitioner’s appeal of the dismissal of its special proceeding seeking mandamus to compel is moot in its entirety and the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; Matter of Bonez v State of New York, 100 AD3d 1235, 1235 [2012], lv denied 20 NY3d 860 [2013]; Matter of Johnson v Morgenthau, 214 AD2d 348, 349 [1995]; Matter of Jiminez v Gross, 121 AD2d 382, 383 [1986]; Demisay v Whalen, 59 AD2d 444, 448 [1977]). Moreover, while mandamus to compel may be an appropriate vehicle in the right circumstances to compel an administrative determination that has been unduly delayed by the agency at the time of the commencement of the proceeding, there has been no undue delay here; rather, petitioner improperly sought to compel the Department to make a specific, substantive determination on its rate appeal, relief to which it was not, in any event, entitled (see Matter of Blase v Axelrod, 111 AD2d 1015, 1016 [1985], mod 67 NY2d 642 [1986]; Matter of Kupersmith v Public Health Council of State of N.Y., 101 AD2d 918, 919 [1984], affd 63 NY2d 904 [1984]). The proper remedy for petitioner following the denial of its rate appeal is to request a hearing (see 10 NYCRR 86-2.14 [b]), as the Department advised in its determination.
Insofar as petitioner also sought a declaratory judgment, we find that Supreme Court properly dismissed the petition/complaint for failure to exhaust administrative remedies (see Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005]; Matter of Presbyterian Home for Cent. N.Y. v Dowling, 262 AD2d 1046, 1046 [1999], lv denied 94 NY2d 758 [2000]). “[A]bsent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the *1119 agency” (Matter of Connerton v Ryan, 86 AD3d 698, 699-700 [2011] [internal quotation marks and citations omitted]). Moreover, petitioner failed to show that waiting for the Department to determine its rate appeal “would [have] be[en] futile or would [have] cause[d] irreparable injury” (Matter of Gonzalez v New York State Div. of Parole, 100 AD3d 1323, 1323-1324 [2012]; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Town of Oyster Bay v Kirkland, 81 AD3d 812, 815 [2011], affd 19 NY3d 1035 [2012], cert denied 568 US —, 133 S Ct 1502 [2013]).
Stein, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 In its rate appeal application, petitioner also requested that the Department revise its reimbursement computation with respect to the depreciation of the facility structure. This issue, however, is not raised on appeal.