Matter of A.M.P. v Independent Health Assn., Inc. (2018 NY Slip Op 00208)





Matter of A.M.P. v Independent Health Assn., Inc.


2018 NY Slip Op 00208


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524600

[*1]In the Matter of A.M.P., Appellant,
v
INDEPENDENT HEALTH ASSOCIATION, INC., et al., Respondents.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Bryan D. Hetherington, Empire Justice Center, Rochester, for appellant.
Greenberg Traurig, LLP, Albany (Cynthia E. Neidl of counsel), for Independent Health Association, Inc., respondent.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for Howard Zucker and another, respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Hartman, J.), entered May 11, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Office of Temporary and Disability Assistance finding respondent Independent Health Association, Inc. in compliance with a fair hearing decision regarding petitioner's health care services.
Petitioner is an adolescent child who receives medical assistance through respondent Independent Health Association,
Inc. (hereinafter IHA), a Medicaid-managed care provider. Petitioner resides with his grandmother, who is also his adopted mother. In February 2015, petitioner's private duty nursing services ceased. IHA tried to find a substitute provider for petitioner but was unable to do so. In May 2015, IHA denied petitioner's request for private duty nursing services. Petitioner thereafter requested a fair hearing (see 18 NYCRR 358-3.5), which was conducted before the Office of Temporary and Disability Assistance (hereinafter OTDA), a designee of the Department of Health (hereinafter DOH). In July 2015, OTDA issued a fair hearing decision reversing IHA's denial of services. OTDA directed IHA "to provide immediate relief to [petitioner] by providing private duty nursing services to [petitioner] by whatever means [IHA] deems available." IHA was also ordered to "comply immediately" with this directive.
In an August 3, 2015 compliance complaint, petitioner advised OTDA that the nursing services directed by the fair hearing decision had not yet been provided. OTDA conducted an inquiry and subsequently determined that IHA was in compliance with the fair hearing decision. OTDA closed its inquiry on August 13, 2015. Petitioner sent another compliance complaint, dated August 26, 2015, informing OTDA that "IHA has still not put nursing services in place." In this regard, petitioner's grandmother stated in an affidavit that petitioner was receiving only part of the authorized nursing services. On October 21, 2015, OTDA issued a notice of compliance resolution noting that, based upon a report submitted by IHA, petitioner's complaint of noncompliance had been resolved.[FN1]
In November 2015, petitioner commenced this CPLR article 78 proceeding against respondents alleging that IHA did not provide any private duty nursing services from February 27, 2015 through October 5, 2015, that IHA provided only partial nursing services from October 6, 2015 to November 7, 2015 and that nursing services had ceased since November 8, 2015. Accordingly, petitioner seeks a writ of mandamus compelling IHA to immediately comply with the directives of the July 2015 fair hearing decision and compelling OTDA and DOH to enforce such decision. In May 2016, Supreme Court dismissed the petition on the basis that it was moot and that it was not ripe for judicial review. Petitioner appeals.
It is undisputed that at the time petitioner commenced this proceeding, he was entitled to receive private duty nursing services. It is also undisputed that the July 2015 fair hearing decision directed IHA to provide these services immediately and by whatever means IHA deemed necessary. What petitioner and IHA sharply contest is whether IHA satisfied the fair hearing decision's mandate. IHA maintains that it acted diligently by authorizing the requisite private duty nursing services and attempting to secure agencies that could provide them for petitioner. Meanwhile, petitioner claims that the services were not provided or provided only in part. Even if we agree with petitioner that Supreme Court erred in dismissing the petition as moot, we are constrained to conclude that the appeal is moot.
After the petition was filed and after Supreme Court issued its judgment, petitioner received private duty nursing services. While the parties still disputed whether the provision of these services complied with the fair hearing decision, in December 2016, IHA terminated petitioner's private duty nursing services due to safety concerns. The notice advising petitioner of the termination stated, "It [was] no longer safe for IHA to authorize [private duty nursing] services for [petitioner] because it [was] not safe for nurses to assist him in his home."[FN2] The termination notice also advised petitioner of his right to request a fair hearing, which petitioner exercised. Before a fair hearing was held, however, petitioner accepted alternative services and withdrew the fair hearing request. Given these events, the July 2015 fair hearing decision is no longer in effect. Accordingly, inasmuch as a decision on the merits of petitioner's appeal will not result in any immediate or practical consequences to the parties, the appeal is moot (see Matter of Ruby Weston Manor v Commissioner of Health of the State of N.Y., 107 AD3d 1116, 1118 [*2][2013]).[FN3]
Even if we concluded that this appeal fell within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), because petitioner withdrew his fair hearing request with respect to the termination of his nursing services by IHA in December 2016, the petition would be barred due to his failure to exhaust administrative remedies (see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Furthermore, although the safety reasons proffered by IHA in December 2016 for terminating petitioner's private duty nursing services were substantially similar to those forming the basis of IHA's May 2015 denial of services, requiring petitioner to exhaust all administrative remedies under the circumstances of this case would not be futile. The July 2015 fair hearing decision noted that the May 2015 denial was improper, in part, because IHA's "determination that [petitioner's] behavior present[ed] a risk to himself or his caregivers [was] not supported by the record." In other words, a record was developed that allowed OTDA to make a decision. As such, whether IHA's December 2016 termination was proper likewise depends on the particular facts leading to such termination and first requires DOH or its designee to make a determination on that issue.
McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The record does not indicate that petitioner received OTDA's October 21, 2015 notice of compliance resolution.

Footnote 2: The December 2016 termination notice was submitted as part of the addendum to IHA's brief and, while petitioner moved to strike the documents submitted in such addendum, we denied that motion (see 2017 NY Slip Op 85212[U] [2017]). Accordingly, we can properly consider the termination notice.

Footnote 3: To the extent that petitioner asserts that the procedures employed by DOH and OTDA to determine whether IHA complied with the July 2015 fair hearing decision violated his due process rights, such challenge, in effect to OTDA's October 21, 2015 notice of compliance resolution, was raised in his reply papers before Supreme Court and the record does not indicate that petitioner moved to amend his petition to include such claim therein. Petitioner's failure to do so precludes us from reviewing this claim (see Matter of Salahuddin v Coughlin, 222 AD2d 950, 951 [1995], lv denied 88 NY2d 806 [1996], cert denied 519 US 937 [1996]).