Matter of Letizia v Fitzpatrick (2021 NY Slip Op 01454)





Matter of Letizia v Fitzpatrick


2021 NY Slip Op 01454


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

529561

[*1]In the Matter of Salvatore Letizia, Appellant,
v
William M. Fitzpatrick, as Director of the Executive Clemency Bureau, et al., Respondents.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Salvatore Letizia, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered June 18, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of the Board of Parole denying petitioner's request for parole release.
In 1984, petitioner shot and killed a woman during an attempted robbery. In 1987, while he was released and awaiting trial on charges related to the 1984 incident, petitioner and a codefendant assaulted an individual. Based upon the 1987 incident, petitioner was convicted of various crimes, including attempted murder in the second degree, and was sentenced to 7 to 21 years in prison for that conviction and to lesser concurrent sentences for the remaining convictions. Subsequently, he was convicted of various crimes stemming from the 1984 incident, including murder in the second degree, and was sentenced to 25 years to life in prison for the murder conviction and to lesser concurrent prison sentences for the remaining convictions, with the sentences ordered to run consecutively to the sentences imposed with respect to the 1987 crimes.
In 2012, petitioner applied for executive clemency in the form of a pardon and was informed that the Executive Clemency Bureau of the Department of Corrections and Community Supervision had forwarded his case to the Governor. In 2015, petitioner submitted another application for a pardon. In a letter dated August 9, 2018, the Executive Clemency Bureau advised petitioner that, inasmuch as he was past his parole eligibility date, he was no longer eligible for consideration for executive clemency.
In January 2018, petitioner appeared before the Board of Parole seeking to be released on parole supervision for the first time. The Board denied the release and ordered him held for an additional 24 months, and the denial was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the Board's denial and requesting a writ of mandamus compelling the Executive Clemency Bureau and the Governor's office to review his pardon applications. Supreme Court dismissed the petition, and petitioner appeals.[FN1]
Regarding petitioner's challenge to the Board's January 2018 determination denying his request for parole release, the Attorney General has advised this Court that, during the pendency of this appeal, petitioner reappeared before the Board on January 7, 2020 and was again denied parole release. In view of this, that part of his appeal relating to the Board's January 2018 denial of parole is now moot and, contrary to petitioner's contention, we find that the narrow exception to the mootness doctrine is inapplicable (see Matter of Cruz v Division of Parole, N.Y. State Dept. of Corr. & Community Supervision, 185 AD3d 1369, 1369 [2020]; Matter of Adger v Department of Corr. & Community Supervision, 181 AD3d 1120, 1120-1121 [2020]).
As to petitioner's writ to compel the Executive [*2]Clemency Bureau and the Governor's office to review his applications for a pardon, during the pendency of this appeal, petitioner was informed that his application for a pardon had been reviewed by the Executive Clemency Bureau and the Governor's office and it was determined that a pardon was not warranted, a determination that is not before this Court. As such, petitioner has received all the relief to which he is entitled in this regard, and, therefore, this part of the appeal has also been rendered moot (see Matter of Curry v New York State Educ. Dept., 163 AD3d 1327, 1329 [2018]; Matter of Ruby Weston Manor v Commissioner of Health of the State of N.Y., 107 AD3d 1116, 1117 [2013]; see also Matter of Johnson v Evans, 76 AD3d 1164, 1164 [2010], lv denied 16 NY3d 702 [2011]).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Petitioner also moved for reconsideration of Supreme Court's judgment. Supreme Court denied the motion and petitioner has not appealed from that order.